IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: 5:22-cv-01408 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -v- | ) | **ANSWER OF DEFENDANT SHREE** |
| | ) | **KRISHNA, INC. TO PLAINTIFF'S** |
| SHREE KRISHNA, INC., | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

For its Answer to Plaintiff DEREK MORTLAND's ("Plaintiff") Complaint, Defendant SHREE KRISHNA, INC. ("Defendant") admits, denies and states as follows:

## INTRODUCTION:

1. The allegations contained in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the averments of this Paragraph are denied.

2. Defendant denies the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE:

3. In response to the allegations contained in Paragraph 3 of the Complaint, Defendant admits that this Court has jurisdiction over actions which arise from violations of Title III of the American with Disabilities Act (the "ADA") but denies that Defendant violated any provision of the ADA or Ohio Revised Code.

4. With regards to Paragraph 4 of the Complaint, the Plaintiff admits that the Defendant's hotel is located within the Court's judicial district, however, the remaining allegations of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining averments of this Paragraph are denied.

### PARTIES:

5. Defendant do not have knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6. Regarding Paragraph 6 of the Plaintiff's complaint, the Defendant admits that it operates a BEST WESTERN PLUS NORTH CANTON INN & SUITES, located at 6889 Sunset Strip Avenue NW, North Canton, OH 44720..

7. The Defendant admits Paragraph 7 that it was the owner and operator of the hotel at issue, however, the remaining allegations of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining averments of this Paragraph are denied.

8. The Defendant admits Paragraph 8 that it was the owner and operator of the hotel at issue, however, the remaining allegations of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining averments of this Paragraph are denied.

9. The Defendant admits Paragraph 9 that it was the owner and operator of the hotel at issue, however, the remaining allegations of the Complaint constitute conclusions of law to which

no response is required. To the extent that a response is deemed necessary, the remaining averments of this Paragraph are denied.

10. The Defendant admits Paragraph 10 that it was the owner and operator of the hotel at issue, however, the remaining allegations of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the remaining averments of this Paragraph are denied.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint regarding Plaintiff's physical limitations and thereby denies the allegation.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint regarding Plaintiff's physical limitations and thereby denies the allegation.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. With regards to paragraph 20 of the Plaintiff's Complaint, Defendant denies Plaintiff is entitled to injunctive relief, damages or attorney fees.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant incorporates its responses to Paragraphs 1 through 30 above as if fully rewritten herein.

32. The allegations contained in Paragraph 32 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant admits that it operates a hotel open to the public.

33. The allegations contained in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant admits that it operates a hotel open to the public.

34. The allegations contained in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant admits that it operates a hotel open to the public.

35. The allegations contained in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant admits that it operates a hotel open to the public.

36. The allegations contained in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant admits that it operates a hotel open to the public.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies all relief and damages requested by Plaintiff in Paragraph 43 in this matter.

44. Defendant incorporates its responses to Paragraphs 1 through 43 above as if fully rewritten herein.

45. The allegations contained in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the averments of this Paragraph are denied.

46. The allegations contained in Paragraph 46 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant admits that it operates a hotel open to the public.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies all relief and damages requested by Plaintiff in Paragraph 48 in this matter.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies all relief and damages requested by Plaintiff in Paragraph 52 in this matter.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. The allegations contained in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant denies the allegations.

55. Defendant admits the allegations in Paragraph 55 of the Complaint.

56. The allegations contained in Paragraph 56 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant denies the allegation.

57. The allegations contained in Paragraph 57 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant denies the allegation.

58. The allegations contained in Paragraph 58 of the Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, the Defendant denies the allegation.

59. Defendant denies all relief and damages requested by Plaintiff in Paragraph 59 in this matter.

## FIRST DEFENSE

Plaintiff does not have a standing to sue in the instant action and, therefore, Plaintiff's claims.

## SECOND DEFENSE

The alterations sought by Plaintiff relating to the alleged violations of the ADA at the Defendant's Hotel are not readily achievable.

### THIRD DEFENSE

Altering the portions of Defendant's hotel identified in the Complaint would not be easily accomplishable and able to be carried out without much difficulty and expense.

### FOURTH DEFENSE

Alternatively, the Defendant's hotel is accessible to people with disabilities.

### FIFTH DEFENSE

Plaintiff is not entitled to the recovery of attorney's fees in this action because, upon information and belief, special circumstances exist which would make an award of attorney's fees unjust.

### SIXTH DEFENSE

The alleged violations set forth in the Complaint, in part, were caused or contributed to by third parties over whom Defendant had no control and Defendant is not liable for any or inaction by third parties.

### SEVENTH DEFENSE

The damages complained of in the Complaint were completely avoidable by Plaintiff and, therefore, Plaintiff is barred from recovery.

### EIGHTH DEFENSE

Plaintiff has failed to mitigate, minimize or avoid any damages that he alleged sustained and any recovery against Defendant and any award granted must be reduced to this failure.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part, because certain of the improvements, upon information and belief, located at Defendant's hotel, were originally prior to the effective date of the ADA.

**TENTH DEFENSE**

Defendant reserves the right to assert additional defenses as discovery progresses in this action.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendant's favor, and that they recover their costs and expenses, including reasonable attorney's fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

 /s/ Samuel N. Lillard
Samuel N. Lillard (0040571)
Mathew A. Parker (0093231)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Galleria at PNC Plaza
20 S Third Street, Suite 210
Columbus, OH 43215
614.494.0420
614.633.1455 (FAX)
samuel.lillard@ogletreedeakins.com
mathew.parker@ogletreedeakins.com

*Attorneys for Defendant Shree Krishna, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, a copy of the foregoing *Defendant's Answer to Plaintiff's Complaint* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

     /s/ Samuel N. Lillard
Samuel N. Lillard (0040571)
*Attorney for Defendant Shree Krishna, Inc*